**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| ARCTIC CAT INC., | Civil File No._____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |
| POLARIS INDUSTRIES INC., | |
| Defendant. | |

---

Plaintiff, Arctic Cat Inc. ("Arctic Cat"), for its Complaint for Patent Infringement and Demand for Jury Trial against Defendant Polaris Industries Inc. ("Polaris" or "Defendant"), states and alleges as follows:

## NATURE OF THIS ACTION

This is an action for patent infringement of United States Patent No. 7,743,864 entitled "Tandem Four-Wheel Vehicle" ("the '864 Patent") under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and seeking damages, injunctive relief, and other relief as appropriate under 35 U.S.C. § 281, *et seq.* A true and correct copy of the '864 Patent is attached hereto as Exhibit A.

## THE PARTIES

1. Plaintiff Arctic Cat Inc. is a corporation organized and existing under the laws of the State of Minnesota, having its principal place of business at 505 North Highway 169, Suite 1000, Plymouth, Minnesota 55441.

2. Defendant Polaris Industries Inc. is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 2100 Highway 55, Medina, Minnesota 55340.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action concerns the infringement of a United States patent.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because the Defendant resides in this judicial district, has a regular and established place of business in this judicial district, and has committed acts of patent infringement in this judicial district.

6. This Court has personal jurisdiction over the Defendant for at least the reasons that the Defendant resides in Minnesota, transacts business in Minnesota, has purposefully availed itself of the privileges of doing business in Minnesota, and has committed acts of patent infringement in Minnesota as alleged in this Complaint for Patent Infringement.

7. Defendant has sold and offered for sale products that infringe Arctic Cat's '864 patent in this judicial district, including at least the products set forth in this Complaint for Patent Infringement. Defendant has sold and offered for sale, without limitation, the infringing Polaris Sportsman Touring 850 SP vehicle in Minnesota and elsewhere. Defendant has also imported the infringing Polaris Sportsman Touring 850 SP vehicle into the United States, and Defendant has directed such importation from Minnesota.

## THE PATENT IN SUIT

8. Arctic Cat is and has been at all relevant times the owner by assignment of the '864 Patent entitled "Tandem Four-Wheel Vehicle," which the United States Patent and Trademark Office duly issued on June 29, 2010.

9. The inventions of the '864 Patent are applicable to a multi-purpose vehicle for use by two persons riding in tandem. (*See, e.g.,* Ex. A at Col. 1, ll. 30-31.)

## DEFENDANT'S INFRINGING ACTIVITIES

10. Defendant is a manufacturer of off-road vehicles such as snowmobiles, all-terrain vehicles (ATVs), side-by-side, and other vehicles. Defendant has manufactured, used, sold, and/or offered for sale products that infringe the '864 Patent, including, without limitation, the Sportsman Touring 850 SP vehicle. Defendant has also imported into the United States products that infringe the '864 Patent, including, without limitation, the Sportsman Touring 850 SP vehicle.

11. Defendant's Sportsman Touring 850 SP vehicle is a multi-purpose vehicle having seating positions for a driver and a passenger and other features as described and claimed in the '864 Patent. Photographs of the 2016 model year Sportsman Touring 850 SP vehicle appear on Defendant's website as follows:



(*See* http://www.polaris.com/en-us/atv-quad/sportsman-touring-850-sp-sunset-red, visited January 4, 2016.)



4815-1766-5836.1

(*See* http://www.polaris.com/en-us/atv-quad/sportsman-touring-850-sp-sunset-red, visited January 4, 2016.)

12.   The Sportsman Touring 850 SP vehicle contains all limitations of at least one claim of the '864 Patent, including, without limitation, Claim 9.

13.   The Sportsman Touring 850 SP vehicle is a "multi-purpose vehicle" that includes a frame, a suspension secured to the frame, four wheels secured to the suspension, and handle bars for steering the vehicle. (*See* Ex. A, Col. 7, ll. 15-19.)  The following photographs of the Sportsman Touring 850 SP vehicle from Defendant's website show the presence of the frame, suspension secured to the frame, four wheels secured to the suspension, and handle bars for steering the vehicle.



(*See* http://www.polaris.com/en-us/atv-quad/sportsman-touring-850-sp-sunset-red, visited January 4, 2016.)



(*See* http://www.polaris.com/en-us/atv-quad/sportsman-touring-850-sp-sunset-red, visited January 4, 2016.)

14. The Sportsman Touring 850 SP vehicle includes a "straddle mount seat secured to the frame, the seat having a driver seat and a passenger seat located rearward and raised substantially above the driver seat so as to provide a passenger a view of oncoming terrain." (*See* Ex. A, Col. 7, ll. 20-23.)  The following photographs of the Sportsman Touring 850 SP vehicle show the straddle mount seat secured to the frame, with a seating position for the passenger that is rearward and significantly above the seating position for the driver.  The raised seating position would provide the passenger with a view of oncoming terrain.





15. The Sportsman Touring 850 SP vehicle includes "rear wheel fenders spaced apart from the rear two wheels, each rear wheel fender having a portion located at least as far forward as an approximate longitudinal mid-region of the passenger seat." (*See* Ex. A, Col. 7, ll. 24-27.) The photographs immediately above of the Sportsman Touring 850 SP vehicle show rear wheel fenders spaced apart from the rear wheels, with the rear wheel fender having a portion located at least as far forward of the approximate longitudinal mid-region of the passenger seat.

16. The Sportsman Touring 850 SP vehicle includes "a first handle and a second handle extending laterally and upwardly from a lower portion of either side of the passenger seat, the handles positioned vertically above the rear wheel fenders and said first and second handles further positioned at least as far forward as the approximate longitudinal mid-region of the passenger seat, each handle having respective grippable portions that extend upward proximate to and spaced from the side of the passenger seat for use as passenger handles." (*See* Ex. A, Col. 7, ll. 28 to Col. 8, ll.1-7.) The following photographs show the first and second handles extending laterally and upwardly from a lower portion on the sides of the passenger seat. The handles are positioned vertically above the rear wheel fenders, and the handles are positioned at least as far forward as the approximate longitudinal mid-region of the passenger seat. The handles have grip portions extending upward from the passenger seat for use as passenger handles.



4815-1766-5836.1



17.     The Sportsman Touring 850 SP vehicle has "footrests for the driver and a separate pair of footrests for the passenger, the passenger footrests being raised with respect to the footrests for the driver." (*See* Ex. A, Col. 8, ll. 8-10.)  The footrests for the driver and separate footrests for the passenger located above the driver's footrests are shown in the photographs above and in the following photograph of the Sportsman Touring 850 SP vehicle.



18.     On information and belief, the Sportsman Touring 850 SP vehicle also practices other independent and dependent claims of the '864 Patent.

19.     On information and belief, additional of Defendant's products practice one or more claims of the '864 Patent, including at least Claim 9.  Without limitation, since Defendant's Sportsman Touring 850 SP vehicle infringes several claims of the '864 patent, on information and belief, additional of Defendant's tandem vehicles infringe the '864 patent.

4815-1766-5836.1

20. Arctic Cat reserves the right to identify other infringing products and/or additional claims of the '864 Patent found to be infringed during further discovery and investigation.

21. Defendant does not have a license to Arctic Cat's '864 Patent.

## COUNT I
## INFRINGEMENT OF THE '864 PATENT

22. Arctic Cat restates and incorporates by reference the paragraphs above as if fully stated herein.

23. Under 35 U.S.C. § 271, Defendant has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims of the '864 Patent by selling, offering to sell, and/or using within the United States, without authority, the Sportsman 850 ATV.  Further, Defendant has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims of the '864 Patent by importing into the United States, without authority, the Sportsman 850 ATV.

24. On information and belief, Defendant manufactures the infringing Sportsman 850 ATV in Mexico.  However, if discovery and investigation reveal that Defendant manufactures all or part of the Sportsman 850 ATV within the United States, such manufacture of the Sportsman 850 ATV in the United States constitutes an additional basis for patent infringement under 35 U.S.C. § 271.

25. Defendant will continue to infringe the '864 Patent unless and until the Court enjoins Defendant from committing further infringing acts.

26. Defendant has caused and continues to cause Arctic Cat to suffer damages in an amount to be determined, and has caused and continues to cause Arctic Cat irreparable harm for which Arctic Cat has no adequate remedy at law.  Arctic Cat will continue to suffer irreparable harm unless and until the Court enjoins Defendants from committing further infringing acts.

27. Arctic Cat is entitled to recover from Defendant damages, including lost profits, in an amount to be determined that is adequate to compensate Arctic Cat for Defendant's infringement.

## PRAYER FOR RELIEF

**WHEREFORE**, Arctic Cat respectfully requests that this Court enter judgment in its favor against Defendant, as follows:

A.   To enter judgment that Defendant has directly infringed one or more claims of the '864 Patent;

B.   To enter orders permanently enjoining Defendant and its officers, agents, directors, servants, employees, attorneys, representatives, parents, subsidiaries, affiliates, joint venturers, and all of those in active concert, privity or participation with them and their successors and assigns, from infringing the '864 Patent;

C.   To award Arctic Cat its damages in an amount adequate to compensate Arctic Cat for Defendant's infringement of the '864 Patent, together with costs and pre-judgment and post-judgment interest;

D.   To award an accounting of all Defendant's infringing sales through final judgment;

E.   To declare this case to be "exceptional" under 35 U.S.C. § 285 and to award Arctic Cat its attorneys' fees, expenses, and costs incurred in this action; and

F.   To award Arctic Cat such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Arctic Cat requests a trial by jury of any and all issues on which a trial by jury is available.

Dated:  January 4, 2016                    By: /s/ Niall A. MacLeod
                                                          Niall A. MacLeod (MN #268281)
                                                          Aaron A. Myers (MN #311959)
                                                          KUTAK ROCK LLP
                                                          220 South Sixth Street, Suite 1700
                                                          Minneapolis, MN 55402
                                                          Telephone:  (612) 334-5000
                                                          Facsimile:  (612) 334-5050

                                                          **Attorneys for Plaintiff Arctic Cat Inc.**